IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**GRANT W. RICHARDS and JULIE L. RICHARDS**,

      Plaintiffs,

  v.

**AURORA LOAN SERVICES**, a Colorado corporation, and **CAL-WESTERN RECONVEYANCE CORPORATION**, a California corporation,

      Defendants.

CV-10-970-SU

OPINION AND ORDER

SULLIVAN, Magistrate Judge:

This is an action brought *pro se* by plaintiffs Grant W. and Julie L. Richards, against defendants Aurora Loan Services ("Aurora") and Cal-Western Reconveyance Corporation ("Cal-Western").  Defendants move to dismiss the first amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, defendants' motion to dismiss (doc. #10) is GRANTED.

## FACTUAL BACKGROUND

On February 25, 2005, plaintiffs entered into a loan agreement to refinance the mortgage on their residence located at 41546 Washington Gulch Road, Baker City, Oregon 97814.  They executed a promissory note in the principal amount of $690,000, and a deed of trust.  Monthly payments on the thirty-year loan, at a rate of 6.250%, were $4,248.45.

The promissory note and deed of trust designate the "Lender" as Lehman Brothers Bank, FSB ("Lehman Brothers"). Compl. Ex. A at 1; Ex. B at 1.[1] The deed of trust lists Elkhorn Title Company ("Elkhorn") as the "Trustee," and designates Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Grantee of [the deed of trust]." *Id*. Ex. B at 1. The deed of trust further provides, "the beneficiary of [the deed of trust] is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." *Id*. at 3. The deed of trust also states the following:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in [the deed of trust], but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling [the deed of trust].

*Id*.

Additionally, the deed of trust directs that all tax statements be sent to Aurora, and that the deed of trust be sent to Aurora after recording:

> [A]ll tax statements shall be sent to the following address.
> AURORA LOAN SERVICES
> P.O. BOX 1706
> SCOTTSBLUFF, NE 69363-1706
>
> WHEN RECORDED MAIL TO
> AURORA LOAN SERVICES INC.

---

[1] Plaintiffs filed an amended complaint to attach Exhibits A through C, which include the promissory note, the deed of trust, and trustee's notice of sale. First Am. Compl. at 1.

            3040 Route 22 West
            Branchburg, NJ, 08876.

*Id.* at 1.

       A document submitted by defendants indicates that MERS

executed an instrument on November 20, 2009, entitled,

"Assignment of Deed of Trust," under which Wachovia Bank, NA

("Wachovia") was assigned "all beneficial interest" under the

trust deed.  Decl. of Holger Uhl ("Uhl Decl.") Ex. C, at 2.  The

assignment was signed by Lorrie Womack, Assistant Secretary of

MERS.  The instrument also instructed that the assignment be sent

to Aurora after it was recorded.  *Id.*

       Another document submitted by defendants indicates that on

February 10, 2010, Wachovia executed an instrument entitled

"Substitution of Trustee" under which Cal-Western was appointed

trustee under the trust deed.  *Id.* Ex. D, at 3.  The substitution

was signed by "Wachovia Bank, NA by Aurora Loan Services, LLC as

attorney-in-fact."[2]  *Id.*  The instrument instructed the

instrument be sent to Cal-Western after it was recorded.[3]  *Id.* at

2.

       Plaintiffs stopped making payments on their mortgage after

July 21, 2009.  On March 4, 2010, plaintiffs received Cal-

Western's "Trustee's Notice of Sale."  The notice, among other

---

[2] The signature block included an illegible signature, under which
there was a handwritten title stating, "Assistant Vice
President."  Uhl Decl. Ex. D, at 3.

[3] Defendants fail to provide any documentation indicating whether
the assignment of the deed of trust or the substitution of the
trustee was timely recorded, or recorded at all.

things, set the auction date of Plaintiffs' residence for June
30, 2010.  Compl. Ex. C at 2.

On June 17, 2010, plaintiffs filed an action to quiet title
in Baker County Circuit Court, Case No. 10-395 ("the state court
action"), seeking declaratory relief and a stay of the non-
judicial foreclosure sale of their residence.  The complaint in
the state court action alleged that Aurora and Cal-Western, as
Aurora's agent and successor trustee, were "interlopers" lacking
the authority to sell plaintiffs' property in a non-judicial
foreclosure proceeding. Uhl Decl., Ex. A ¶ 21.  Plaintiffs
alleged there was no evidence showing Aurora or Cal-Western
"acceded to stand in the shoes" of Lehman Brothers or Elkhorn.
*Id*. ¶ 20.  They also alleged that because neither Aurora, Cal-
Western, nor MERS owned or held the promissory note, none of them
had the power to sell plaintiffs' residence.  Plaintiffs alleged
MERS only possessed the trust deed, not the promissory note. *Id*.
¶¶ 23-24, 32.

Plaintiffs further alleged they "owe far less than the
amount claimed" since "collateral default swaps, TARP, bailout
funds, and other risk mitigating reimbursements" paid down their
loan.  *Id*. ¶¶ 35-36.  Finally, Plaintiffs alleged defendants
engaged in predatory lending practices and appeared to allege
that allowing the non-judicial foreclosure of their residence
would result in the unjust enrichment of Aurora.

With their complaint in the state court action, plaintiffs
filed a Motion for Emergency Temporary Restraining Order and

Preliminary Injunction in state court on June 17, 2010, seeking to restrain Aurora and Cal-Western from selling their residence. Uhl Decl. Ex. C.  Circuit Court Judge Gregory L. Baxter denied the motion in its entirety on July 23, 2010. Uhl. Decl. Ex. G.

On August 17, 2010, plaintiffs filed the complaint in this court, alleging that Aurora and Cal-Western initiated a wrongful non-judicial foreclosure proceeding on their residence.[4]  On August 19, 2010, defendants filed a motion to dismiss the state court action. Uhl Decl. Ex. H, I, and K. Defendants submitted a proposed order dismissing the case with prejudice.  Uhl Decl. Ex. N.

On September 7, 2010, defendants filed a motion to abstain, dismiss or stay proceedings ("motion to stay") in this court. Defendants asserted that this court should abstain from exercising jurisdiction in the case based upon the pendency of the state court action.  Oral argument on defendants' motion to stay was held before this court on December 7, 2010.  Because defendants failed to file with this court any documentation

---

[4] Plaintiffs allege, under the section entitled "Jurisdiction," that they "seek" the following:
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and
> (4) To recover damages [and] secure equitable relief or other relief under [42 U.S.C. §§ 1981, 1982, inter alia] providing for the equal protection of rights . . . .

V. Compl. ¶ 8.

associated with the state court action or any documents
indicating there were transfers of interests associated with the
promissory note and trust deed, this court ordered defendants to
file such documents.  On December 9, 2010, this court granted
defendants' motion to stay. This court denied defendants' motion
to dismiss until defendants produced the documents required by
the court, but allowed additional briefing (doc. #25).

On December 21, 2010, the state court, adopting defendants'
proposed order, dismissed the state court action with prejudice
pursuant to Rule 21(A)(8) of the Oregon Rules of Civil Procedure.
The state court adopted as its findings of fact and conclusions
of law the factual statements and authority cited in Aurora's
briefs in support of the motion to stay.  Plaintiffs objected to
Judge Baxter's order on the ground that there had been no trial
on the merits of their action.  Suppl. Uhl. Decl., Ex. A.  Judge
Baxter responded to plaintiffs' objections by letter dated
January 11, 2011, explaining that he had adopted Aurora's
memoranda in support of their motion, which included an order
dismissing the action with prejudice. Suppl. Uhl Decl. Ex. B.

After the state court granted defendants' motion to dismiss,
Cal-Western filed a supplemental brief in support of its motion
to dismiss in this court, asserting that this court lacked
subject matter jurisdiction under the *Rooker-Feldman* doctrine,
and contending that plaintiffs' claims were barred under the
doctrine of *res judicata*, or claim preclusion.

**STANDARD OF REVIEW**

On a motion to dismiss, the court reviews the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The review is generally limited to the allegations in the complaint, exhibits attached to the complaint, and judicially noticeable materials. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In considering a motion to dismiss, the court must distinguish between the factual allegations and legal conclusions asserted in the complaint. *Id.* All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Am. Family Ass'n, Inc. v. City & Cnty of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court construes *pro se* pleadings liberally, giving plaintiffs every benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988). A *pro se* litigant may be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *See, e.g., Karim-Panahi*, 839 F.2d at 623. Claim preclusion may be raised in a 12(b)(6) motion to dismiss. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).

**DISCUSSION**

**I. Rooker-Feldman Doctrine**

7 - OPINION AND ORDER

Defendants argue this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  I disagree.

"*Rooker-Feldman* is a jurisdictional doctrine rather than a *res judicata* doctrine." *Denison v. Brown*, No. 07-CV-905-BR, 2007 WL 4345806 *6 (D. Or. Dec. 10, 2007), *citing Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).  The doctrine bars a federal court's direct review of issues actually decided by state courts and bars a federal court's consideration of any claim "inextricably intertwined" with the state court decision.  *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 n.1 (9th Cir. 1998) (citation omitted).  "The *Rooker-Feldman* doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights to due process and equal protection." *Denison*, 2007 WL 4345806 at *6 (citation omitted).

Pursuant to the *Rooker-Feldman* doctrine, "lower federal courts lack jurisdiction over 'cases brought by state-court-losers complaining of injuries caused by state-court judgment *rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments.'" *Nguyen v. Dean*, Civil No. 10-6138-AA, 2011 WL 130241 *3 (D. Or. Jan. 14, 2011), *citing Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007)(emphasis added).  "[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains

*sub judice* in a federal court." *Denison*, 2007 WL 4345806 at *7,

*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 292 (2005).  "When there is parallel state and federal

litigation, *Rooker-Feldman* is not triggered simply by the entry

of judgment in state court."  *Exxon Mobil*, 544 U.S. at 292.

     In *Exxon Mobil* the United States Supreme Court held the

*Rooker-Feldman* doctrine was confined to "cases brought by state-

court losers complaining of injuries caused by state-court

judgments rendered *before* the district court proceedings

commenced and inviting district court review and rejection of

those judgments." 544 U.S. at 284 (emphasis added).  In that

case, Exxon Mobil had filed an action in federal district court

only two weeks after the opposing party had filed in a Delaware

court, and "well before any judgment in state court."  *Id*. at

293-94.  The Court concluded, "*Rooker-Feldman* did not prevent the

District Court from exercising jurisdiction when Exxon Mobil

filed the federal action, and it did not emerge to vanquish

jurisdiction after Exxon Mobil prevailed in the Delaware courts."

*Id.* at 294.

     Similarly, in this case, plaintiffs filed their complaint

with this court before the state court dismissed plaintiffs'

complaint with prejudice.  Further, the complaint filed in this

court did not assert legal error by the state court, and so did

not constitute a de facto appeal of the state court decision.

*See Daggett v. Oregon,* Civ. No. 07-6170-AA, 2007 WL 2816202 *2

(D. Or. Sept. 25, 2007) ("Review of a final state court decision

by a federal court is a de facto appeal of a state court decision
and prohibited under the *Rooker-Feldman* doctrine of the United
States Supreme Court.").

Accordingly, the *Rooker-Feldman* doctrine does not preclude
this court from hearing this case.

The court turns next to the question of whether plaintiffs'
claims are precluded under the doctrine of *res judicata*.  *See
Exxon Mobil*, 544 U.S. at 293 (disposition of the federal action,
once the state court action adjudication is complete, is governed
by preclusion law).

## II. <u>Claim Preclusion</u>

Defendants contend that plaintiffs' claims are precluded
because the state court granted defendants' motion to dismiss.
As a preliminary matter, the court notes that "[u]nder the Full
Faith and Credit Act, 28 U.S.C. § 1738, federal courts must 'give
to a state court judgment the same preclusive effect as would be
given that judgment under the law of the State in which the
judgment was rendered.'"  *Caligiuri v. Columbia River Bank Mortg.
Grp.*, Civ. No. 07-3003-PA, 2007 WL 1560623 *4 (D. Or. May 22,
2007), *quoting Migra v. Warren City School Dist. Bd. of Educ.*,
465 U.S. 75, 81 (1984).  The court therefore applies Oregon's law
of claim preclusion.

The Oregon Supreme Court has held:

> [A] plaintiff who has prosecuted one action against a
> defendant through to a final judgment . . . is
> [precluded] . . . from prosecuting another action against
> the same defendant where the claim in the second action
> is one which is based on the same factual transaction
> that was at issue in the first, seeks a remedy additional

or alternative to the one sought earlier, and is of such
a nature as could have been joined in the first action.

*Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531, 535 (1989),
*quoting Rennie v. Freeway Transport*, 294 Or. 319, 323, 656 P.2d
919, 921 (1982).

"*Res judicata*, or claim preclusion, 'bars any lawsuits on
any claims that were raised or could have been raised in a prior
action.'"  *Gleason v. Gilmour*, No. 08-CV-552-BR, 2010 WL 5017930
*3 (D. Or. Dec. 3, 2010) (citations omitted).  "The rule
forecloses a party that has litigated a claim against another
from further litigation on that same claim on any ground or
theory of relief that the party could have litigated in the first
instance."  *Bloomfield v. Weakland*, 339 Or. 504, 511, 123 P.3d
275, 279 (2005), *citing Dean v. Exotic Veneers, Inc.*, 271 Or.
188, 194, 531 P.2d 266, 269 (1975).

In this case, a final judgment was entered when the state
court dismissed Plaintiffs' complaint with prejudice.  *See
Hemstreet v. Duncan*, Civil No. 07-732-ST, 2008 WL 2167137 *4 (D.
Or. May 21, 2008) (holding "dismissal with prejudice" constitutes
"a final decision on the merits and must be given preclusive
effect"); *see also Sandgathe v. Jagger*, 165 Or. App. 375, 381,
996 P.2d 1001, 1004 (2000) (holding the "term 'with prejudice,'
expressed in a judgment of dismissal, has a well-recognized legal
import; and it indicates an adjudication of the merits . . . to
the same extent as if the action had been prosecuted to a final
adjudication adverse to the plaintiff").

Because a final judgment was entered by the state court, the parties to the litigation, or those in privity to the parties, are precluded from bringing another action against each other if: (1) the action is based "on the same factual transaction" as the first; (2) the action seeks an additional or alternative remedy; and (3) the second action could have been joined in the first action. *Drews*, 310 Or. at 140, 795 P.2d at 535.

Here, the elements of claim preclusion have been met. First, it is undisputed that the parties involved in this case are the identical parties involved in the state court proceeding.[5]

Second, it is apparent this case is based on the same factual transaction as the state court action: it arises from plaintiffs' loan default and defendants' attempt to foreclose on the loan.

Third, the plaintiffs in this case seek relief additional to the original relief sought. In the state court action, plaintiffs sought a judgment to quiet title, monetary damages of $50,000, a "statutory penalty" in the amount of $50,000, and costs associated with the state action. In this case, plaintiffs seek a declaration that Aurora "has no legal authority or proper legal or equitable interest in either the Deed of Trust or the

---

[5] Like the state court complaint, the complaint here names only Cal-Western and Aurora as defendants. It does not name the lender (Lehman Brothers), the trustee named in the deed of trust (Elkhorn), the grantee and beneficiary of the deed of trust (MERS), or the assignee of the deed of trust (Wachovia) as defendants.

Promissory Note to institute or maintain a foreclosure," so that Aurora and Cal-Western's attempt to "conduct a foreclosure sale of the Subject Property is legally defective and precluded from enforcement," and a judgment for plaintiffs' costs. Consequently, in this case, plaintiffs seek relief additional to the relief sought in the state court action.

Finally, this case could have been litigated in the state court proceeding. Claim preclusion "forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." *Gleason* at *3, *citing Bloomfield*, 339 Or. at 511, 123 P.3d at 279. Here, plaintiffs' claims are "of such a nature that [they] could have been joined in the first action." *Bloomfield*, 339 Or. at 511, 123 P.3d at 279. Plaintiffs assert that the state court did not reach the merits of the case because the "rul[ing] that Plaintiffs failed to allege ultimate facts" constituted "a technical failing." Pl.'s Repl. at 3. Contrary to plaintiffs' contention, however, a state court's final dismissal with prejudice and judgment in favor of a defendant based on a motion to dismiss for failure to state a claim "is considered to be a decision on the merits in the context of claim preclusion." *Taha v. Tindell*, No. 05-951-KI, 2005 WL 3502700*4 (D. Or. Dec. 20, 2005) (citations omitted). The state court's dismissal of plaintiffs' complaint "with prejudice," as here, constitutes a final judgment on the merits. *See, e.g., Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir.

2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice'"); *Hemstreet* at *4 ("In Oregon, as elsewhere, 'a dismissal with prejudice normally creates a *res judicata* bar to any major action'") (citation omitted); *Sandgathe*, 165 Or. App. at 381, 996 P.2d at 1004 (the term "with prejudice," in a judgment of dismissal, indicates an adjudication of the merits, operating as *res judicata*).

Plaintiffs also appear to assert that the state court's decision was void as a judgment with respect to their due process claim. The state court's order dismissing plaintiffs' complaint, however, adopted as its findings of fact and conclusions of law the factual statements and authority stated in Aurora's memoranda. Aurora's reply addressed plaintiffs' due process claim. Uhl Decl. Ex. K, at 7. Plaintiffs' assertion therefore lacks merit. Finally, plaintiffs contend that there is a "want of facts" supporting the state court's judgment. They argue that the record is "wholly void of the testimony of a competent fact witness available for cross examination." Pl.'s Repl. at 3. They further argue, "[A] factual claim requires citing a known duty the breach of which is the causation of damages as attested to by at least one competent witness who testifies under oath and subject to cross-examination regarding authenticated evidence." *Id.* However, "the *res judicata* consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal

principle subsequently overruled in another case." *See, e.g.*, *Vinson v. Vinson*, 57 Or. App. 355, 360, 644 P.2d 635, 638 (1982) *citing Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *see also Freeport Inv. Co. v. R.A. Gray & Co.*, 94 Or. App. 648, 650, 767 P.2d 83, 85 (1989) (holding "[i]f a claim is fully litigated on the merits and the decision becomes final, *res judicata* applies whether it was brought in the proper procedural posture or was otherwise erroneous.").

On this record, this court concludes plaintiffs' claims are barred by the doctrine of claim preclusion.  No amendment could cure the deficiencies in plaintiffs' complaint.

<u>CONCLUSION</u>

Based on the foregoing, defendants' Motion to Dismiss/Stay (doc. #10) is GRANTED.  I have no choice but to dismiss plaintiffs' complaint with prejudice.

IT IS SO ORDERED.

Dated this 19th day of September, 2011.


/s/Patricia Sullivan

        Patricia Sullivan
        United States Magistrate Judge

15 – OPINION AND ORDER